ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| MARÍA MAGDALENA ESTRADA RIVERA Y OTROS<br><br>Recurridos<br><br>v.<br><br>HOSPITAL METROPOLITANO Y OTROS<br><br>Peticionarios | TA2025CE00509 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV10489<br><br>Sobre: Impericia Médica |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Campos Pérez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de octubre de 2025.

Comparece mediante recurso de *certiorari* la parte codemandada y peticionaria, Anestesia del Caribe, C.S.P. (Anestesia del Caribe o peticionaria). Nos solicita que revoquemos dos determinaciones, emitidas el 29 de julio de 2025 y el 26 de agosto de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). A través de los aludidos dictámenes, el foro recurrido declaró No Ha Lugar una *Moción de Desestimación por Prescripción* y una solicitud de reconsideración, ambas instadas por la parte peticionaria, respectivamente.

Por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari* solicitado.

### I.

El caso de epígrafe tuvo su génesis el 8 de noviembre de 2023, cuando María Magdalena Estrada Rivera, Luis Alberto Álvarez Estrada, Magda Milagros Álvarez Estrada, y Sharelys Marie Álvarez Estrada (demandantes o recurridos), instaron una *Demanda* de daños y perjuicios contra, entro otros, el Hospital Metropolitano en San Juan, el Dr. Michelangelo Santiago Pérez, y el Dr. Gilberto Oliveras Soto (codemandados), por la muerte del Sr. Luis Álvarez Peña (señor Álvarez

Peña).[1] En esta ocasión no incluyeron a Anestesia del Caribe como codemandada. En síntesis, adujeron haber interrumpido el término prescriptivo de la causa de acción mediante la presentación de una primera *Demanda* —en la que tampoco se incluyó a Anestesia del Caribe como codemandada— el 20 de octubre de 2022, la cual fue desistida de manera voluntaria el 1 de diciembre de 2022.[2]

Con respecto a los hechos que motivaron la presentación del caso de epígrafe, los demandantes alegaron que el Sr. Luis Álvarez Peña falleció tras haber sufrido un arresto cardiorrespiratorio el 29 de octubre de 2021. Lo anterior, luego de ser sometido a una colectomía por el Dr. Michelangelo Santiago el 28 de octubre de 2021. Aseveraron que el codemandado, el Dr. Gilberto Oliveras, fue quien le administró la anestesia general al finado. Relataron que la operación comenzó a las 11:25 a.m. y culminó a las 5:00 p.m. En resumen, los demandantes arguyeron que el señor Álvarez Peña murió como consecuencia del desempeño negligente demostrado por los codemandados en el procedimiento quirúrgico, así como la falta de atención y cuidado médico que ameritaba su estado de salud, luego de haber sido sometido a la operación. Por lo tanto, solicitaron al TPI, entre otros remedios, que concediera a los demandantes ciertas sumas de dinero por concepto de angustias mentales. También solicitaron al TPI otras sumas de dinero por concepto de los daños físicos, sufrimientos físicos y angustias mentales sufridas por el señor Álvarez Peña hasta el momento de su muerte, heredados por los demandantes.

Superados varios incidentes procesales, el 19 de febrero de 2025, los demandantes presentaron una *Primera Demanda Enmendada* a los fines de incluir a Anestesia del Caribe como parte codemandada.[3] En la

---

[1] Véase, expediente electrónico del caso número SJ2023CV10489 en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC), entrada núm. 1.

[2] *Id*; Véase, también, expediente electrónico del caso número SJ2022CV09250 en el SUMAC.

[3] Véase, Apéndice de la parte peticionaria, expediente electrónico del caso en el SUMAC, entrada núm. 32.

demanda enmendada, alegaron que Anestesia del Caribe era responsable solidariamente ante ellos, en virtud de un contrato de exclusividad con el Hospital Metropolitano para proveer servicios de anestesia en el referido hospital, operar y dirigir el Departamento de Anestesia, y por los servicios de anestesia brindados de forma negligente.

Así las cosas, el 1 de mayo de 2025, Anestesia del Caribe presentó una *Moción de Desestimación por Prescripción*.[4] En resumen, adujo que, en virtud de lo resuelto en *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365 (2012), la interrupción del término prescriptivo en las acciones de daños debe realizarse de manera individual para cada co-causante. Por lo tanto, solicitó al TPI que desestimase la demanda enmendada presentada en su contra, toda vez que los demandantes no interrumpieron el término prescriptivo con respecto a ellos, según lo resuelto en *Fraguada Bonilla v. Hosp. Aux. Mutuo*, *supra*, desde la presentación de la demanda inicial instada el 20 de octubre de 2022.

En lo que nos atañe, el 29 de julio de 2025, el TPI emitió una *Resolución y Orden*, a través de la cual determinó que no procedía la moción de desestimación presentada por Anestesia del Caribe.[5] Concluyó que el termino prescriptivo quedó interrumpido con respecto a la referida parte codemandada, conforme a lo resuelto en *Pérez et al. v. Lares Medical et al.*, 207 DPR 965, 981 (2021). Puntualizó lo siguiente:

> En definitiva, en *Pérez [et al.] v. Lares Medical [et al.], [ ], [supra]*, el Tribunal Supremo interpretó el alcance de la norma establecida en *Fraguada* aplicándola a la responsabilidad por hecho ajeno, particularmente en la relación obrero-patronal, *según regulada en el Código Civil ed. 1930*. Como citado, por voz del Juez Asociado Rivera García, el Tribunal Supremo resolvió que la relación jurídica entre un patrono y su empleado, al amparo de los artículos 1803 y 1804 del Código Civil (ed. 1930), es una de solidaridad legal a la que aplican tanto los efectos primarios como los segundarios de la solidaridad; esto es, la obligación del patrono de responder por los actos de su empleado es solidaria perfecta, pues es una impuesta por ley y surge de una relación preexistente en la que hay comunidad de intereses, y, por ello, "*los actos interruptivos del término*

---

[4] Véase, Apéndice de la parte peticionaria, expediente electrónico del caso en el SUMAC, entrada núm. 43.

[5] Véase, Apéndice de la parte peticionaria, expediente electrónico del caso en el SUMAC, entrada núm. 64.

*prescriptivo realizados contra el patrono o el empleado perjudican al otro por igual*".[6]

El foro recurrido añadió, con respecto a los artículos equivalentes en el Código Civil de 2020, que era de aplicación lo resuelto en *Pérez et al. v. Lares Medical et al., supra.* Luego, el 13 de agosto de 2025, Anestesia del Caribe presentó una *Moción de Reconsideración de la Resolución y Orden de 29 de Julio de 2025.* En síntesis, alegó que el caso en *Pérez et al. v. Lares Medical et al., supra,* no era de aplicación al caso de epígrafe. Argumentó que, tras no existir una relación laboral entre el Dr. Gilberto Oliveras y Anestesia del Caribe, aplican las disposiciones del Artículo 1104 del Código Civil de 2020. Por lo tanto, sostuvo que los demandantes no interrumpieron el término prescriptivo dentro del término de un (1) año, por lo que procedía la desestimación de la acción instada en su contra. El 26 de agosto de 2025, el TPI emitió una *Resolución Interlocutoria* mediante la cual declaró No Ha Lugar la solicitud de reconsideración presentada por Anestesia del Caribe.

Inconforme, Anestesia del Caribe recurre ante este Foro revisor, y señala la comisión de los siguientes errores:

I. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA MOCIÓN DE DESESTIMACIÓN POR PRESCRIPCIÓN PRESENTADA POR ANESTESIA DEL CARIBE, C.S.P., DESCONOCIENDO QUE LOS HECHOS ALEGADOS OCURRIERON EN OCTUBRE DE 2021, QUE LA DEMANDA ORIGINAL FUE DESISTIDA SIN PERJUICIO EL 1 DE DICIEMBRE DE 2022, QUE LA NUEVA DEMANDA DE 2023 NO INCLUYÓ A ANESTESIA, Y QUE ESTA FUE INCORPORADA AL PLEITO ÚNICAMENTE MEDIANTE DEMANDA ENMENDADA DE 19 DE FEBRERO DE 2025, ES DECIR, FUERA DEL TÉRMINO PRESCRIPTIVO DE UN AÑO DISPUESTO EN EL ARTÍCULO 1204 DEL CÓDIGO CIVIL DE 2020. AL NO APLICAR ESTA NORMA VIGENTE, EL FORO DE INSTANCIA ACTUÓ EN CONTRAVENCIÓN DE DERECHO (VÉASE RESOLUCIÓN Y ORDEN DE 29 DE JULIO DE 2025, ENTRADA NÚM. 64 DE SUMAC).

II. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL APLICAR LA DOCTRINA DE SOLIDARIDAD PERFECTA DERIVADA DE PÉREZ HERNÁNDEZ V. LARES MEDICAL CENTER, INC., 207 DPR 965 (2021) PARA EXTENDER LOS EFECTOS INTERRUPTIVOS DE LA PRESCRIPCIÓN AL PATRONO, IGNORANDO QUE DICHO CASO FUE RESUELTO AL AMPARO DEL CÓDIGO CIVIL DE 1930 Y

---

[6] (Bastardillas en el original). *Id.*

QUE EL CÓDIGO CIVIL DE 2020 ESTABLECIÓ UNA NUEVA NORMATIVA EN SU ARTÍCULO 1104, SEGÚN LA CUAL LA INTERRUPCIÓN DE LA PRESCRIPCIÓN EN LAS OBLIGACIONES EXTRACONTRACTUALES CON MÚLTIPLES COCAUSANTES ES INDIVIDUAL RESPECTO DE CADA UNO. LA DECISIÓN APELADA SUPONE EXTENDER INDEBIDAMENTE LA DOCTRINA DE LARES A UN MARCO LEGISLATIVO DISTINTO, PRODUCIENDO UN ERROR MANIFIESTO DE DERECHO (VÉASE ENTRADA NÚM. 64 DE SUMAC).

III. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IGNORAR EL GRAVE PERJUICIO PROCESAL QUE REPRESENTA LA INCLUSIÓN EXTEMPORÁNEA DE ANESTESIA DEL CARIBE, C.S.P. EN UN PLEITO YA AVANZADO EN DESCUBRIMIENTO DE PRUEBA, INCLUSIVE CON CALENDARIO DE DEPOSICIONES PAUTADO Y REALIZADO EN UN PLEITO HERMANO RADICADO EN EL TRIBUNAL FEDERAL, LO QUE OBLIGA A ESTA PARTE A DEFENDERSE TARDÍAMENTE DE RECLAMACIONES PRESCRITAS Y AUMENTA DESPROPORCIONADAMENTE LOS COSTOS DE LITIGACIÓN. AL DESCONOCER ESTE PERJUICIO Y ORDENAR A LA PETICIONARIA A CONTESTAR LA DEMANDA Y CONTINUAR LITIGANDO, EL FORO DE INSTANCIA ACTUÓ ARBITRARIAMENTE Y EN VIOLACIÓN DEL DEBIDO PROCESO DE LEY (VÉASE ENTRADA NÚM. 50 Y RESOLUCIÓN DE 29 DE JULIO DE 2025, ENTRADAS NÚM. 64 Y 68 DE SUMAC).

## II.

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional. *García v. Padró, supra*. El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Id.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Por ende, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera..." *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.

No obstante, el ejercicio de la discreción no significa hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra*, pág. 335; *Pueblo v. Ortega Santiago, supra*.

Es sabido que la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las cuales este foro intermedio tiene autoridad para atender los recursos de *certiorari*. La regla procesal fija taxativamente los asuntos aptos para la revisión interlocutoria mediante el recurso de *certiorari*, así como aquellas materias que, por excepción, ameritan nuestra intervención adelantada, ya fuese por su naturaleza o por el efecto producido a las partes. *800 Ponce de León v. AIG, supra*, pág. 175.

En síntesis, la Regla 52.1 de Procedimiento Civil, *supra*, dicta que solamente podemos atender el recurso discrecional para revisar resoluciones u órdenes interlocutorias bajo las Reglas 56 y 57 o de la denegación de una moción de carácter dispositivo. Además, por excepción, podemos revisar órdenes o resoluciones interlocutorias que recurran determinaciones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Id*. **En el caso de denegar la expedición de un recurso de *certiorari*, no estamos obligados a fundamentar nuestra decisión.** (Énfasis nuestro). *Id*.

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari*, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025).

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estas guías deben aplicarse al recurso en cuestión de manera integral, no fragmentada, sin menoscabar una razonada discreción judicial y siempre en ánimo de impartir justicia apelativa. Claro está, **es norma firmemente asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional**, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Bastardillas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

## III.

En el presente caso, la parte peticionaria alega que el foro de instancia incidió al denegar la moción de desestimación presentada por la referida parte, toda vez que la parte recurrida no interrumpió el término prescriptivo de un (1) año conforme al Artículo 1104 del Código Civil de 2020. Adujo, además, que el foro recurrido erró al aplicar la doctrina de la solidaridad perfecta, según lo resuelto en *Pérez et al. v. Lares Medical et al., supra.* Por último, sostuvo que el TPI erró al ignorar el perjuicio procesal que representa incluir a Anestesia del Caribe como codemandado en esta etapa de los procedimientos.

Luego de un análisis sosegado del expediente ante nuestra consideración, decidimos no intervenir en la causa del epígrafe. No empece a que la Regla 52.1 de Procedimiento Civil, *supra,* nos faculta a revisar una determinación del foro de instancia sobre la denegatoria de una moción de carácter dispositivo, al amparo de los criterios que guían nuestra discreción concurrimos en no intervenir en la determinación impugnada. A la luz de las antedichas normas, procede que nos abstengamos de expedir el auto solicitado y se sostenga la decisión interlocutoria.

Estimamos que el TPI actuó de manera ponderada al evaluar la totalidad de los escritos sometidos en ambos casos consolidados y las controversias ante su consideración. Por lo tanto, no advertimos que el foro recurrido haya errado en la aplicación del Derecho.

## IV.

Por las razones antes expresadas, denegamos expedir el recurso de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones